## Moffat v. Griswold.

1. PROMISSORY NOTE. An endorser of a promissory note who waives notice of protest will be relieved from liability thereon, if the holder does not notify him within a reasonable time of its non-payment nor use due diligence to collect it of the maker.

This was an action brought in the District Court for Otoe county upon a promissory note of which the following is a copy :

"KEARNEY CITY, *August* 3, 1857.

"Thirty days after date we, or either of us, promise to "pay Joseph Moffat, or order, one hundred and fifty dollars "in gold, with five per cent per month interest from date, 'for value received.　　　　　"C. W. PIERCE,
　　　　　　　　　　　　　　"JOHN CAMPBELL.
　　　　Endorsed as follows :

"For value received, I assign the within note to H. C. ·"Blackman.　Protest waived July 2, 1859.
　　　　　　　　　　"JOSEPH MOFFAT,"
　　　　　　　　　　"H. H. HARDING."
"H. C. BLACKMAN."

The defendants, Harding and Moffat, answered, alleging that the plaintiff had not used due diligence in presenting the note to the makers for payment and notifying them of non-payment, that when it became due, and for a long time afterwards, the makers were possessed of property out of which the amount could have been made, but at the time the endorsers were informed that the note had not been paid, the makers were insolvent. These facts appeared in evidence. Judgment was rendered for the amount due on the note, and Moffat brought the case here by petition in error.

*S. E. McCracken*, for plaintiff in error.

*J. M. Woolworth*, contra.

MOFFAT *v.* GRISWOLD.

The court, by DUNDY, J., held that Moffat was relieved of liability on the note by reason of the neglect of the holder to notify him of its non-payment and to enforce it against the makers.

Judgment reversed.